IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PATRICIA GARLAND, representative for the Estate of David L. Kaufman,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AIR.COM, an Internet domain name, and JOHN DOE,<br><br>　　　　Defendants. | Civil No. 1:25-cv-01044 (LMB/WBP) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Patricia Garland ("Plaintiff" or "Ms. Garland"), in her capacity as representative for the Estate of David L. Kaufman ("Estate"), by counsel, submits this Memorandum in Support of her Motion for Default Judgment on the Estate's claim for quiet title over the AIR.com domain name,[1] and in support thereof states as follows:

**I.    INTRODUCTION**

Plaintiff has filed a Motion with this Court under Federal Rule of Civil Procedure 55(b) for a default judgment returning control of the AIR.com domain name to its rightful owner, after it was surreptitiously transferred out of the Estate's domain management account without

---

[1] If this Motion is granted, Plaintiff requests that the Court dismiss without prejudice the claims against John Doe (the second through fourth counts), which provide additional bases for the relief requested herein. *See Consumer Source Holding, Inc. v. Does*, No. 13-cv-1512-AJT-JFA, 2014 WL 2967942, at *2 (E.D. Va. July 1, 2014) (ordering return of stolen domain names pursuant to the Computer Fraud and Abuse Act); *Lunxi v. Doe*, No. 19cv1027-AJT-TCB, 2020 WL 2026333, at *6 (E.D. Va. Mar. 27, 2020), *R. & R. adopted*, No. 19cv1027-AJT-TCB, 2020 WL 1984720 (E.D. Va. Apr. 27, 2020) (same).

authorization, after Mr. Kaufman's tragic passing. Plaintiff has demonstrated that the Estate is the rightful owner of the AIR.com domain name, which resides within this District. By its default, the AIR.com domain name and any potential claimant(s) thereto have conceded the truth of the allegations of Plaintiff's Verified Complaint.

There is no genuine issue of fact remaining in this suit, and default judgment should be entered against the AIR.com domain name providing Plaintiff with the requested relief—the return of the stolen AIR.com domain name to Plaintiff. *See SMP GmbH & Co. KG v. ONU.com*, No. 1:16-cv-1333-LMB-TCB, Doc. 59 (E.D. Va. Dec. 5, 2016) (entry of injunction returning stolen domain name to plaintiff); *Wei v. Ceos.com*, No. 1:21-cv-0582-AJT-JFA, 2021 WL 5513532, at *5 (E.D. Va. Oct. 8, 2021) ("Plaintiff has exclusive ownership rights over the Defendant Domain Names, his rights are superior to any third-party claims to title and it is recommended that a judgment be entered in favor of the plaintiff on his quiet title claim."), *report and recommendation adopted*, No. 1:21-cv-0582-AJT-JFA, 2021 WL 5505437 (E.D. Va. Nov. 24, 2021); *Zhiyang v. 45.com*, No. 1:20-cv-00836-RDA-IDD, 2021 WL 8444747 (E.D. Va. Jan. 13, 2021) (recommending a finding in plaintiff's favor on a claim for quiet title regarding theft of domain name, and entry of a permanent injunction requiring that the domain be transferred to plaintiff), *report and recommendation adopted*, 2021 WL 4315809 (E.D. Va. Sept. 21, 2021).

## II.  FACTUAL BACKGROUND

### A.  Plaintiff's Rights to the AIR.com Domain Name

Plaintiff Patricia Garland is the widow of David L. Kaufman, and has brought this action as the representative of his Estate. Dkt. No. 1 ("Complaint" or "Compl.") ¶ 10.

David L. Kaufman was a businessman and entrepreneur, who possessed an uncanny ability to cultivate businesses through leverage of unique assets. *Id.* ¶¶ 1-2. Perhaps the most valuable of those assets was the domain at the heart of this action: AIR.com. Mr. Kaufman first registered the domain on May 2, 1994. *Id.* ¶ 21. He did business under a name for which the domain was an anagram, Allied International Resources, which he had registered as his d/b/a with the City of Newton, Massachusetts, and for which he filed tax forms. *Id.* ¶¶ 23-24, Ex. C.

Mr. Kaufman used the AIR.com domain as a central element of his Allied International Resources business. He created business plans centered around the domain, used it as his business email, established a site at the domain hosting revenue-generating links, and created promotional materials including business cards for the domain. *Id.* ¶¶ 26-29, Exs. D-F. Mr. Kaufman maintained his registration and control of the AIR.com domain name, as evidenced by renewal receipts and public registration records for the domain. Compl. ¶¶ 21-22, Exs. B, G.

The domain name AIR.com was and is a valuable resource, not only because of its affiliation with Mr. Kaufman's business, but because of its desirability as a three-character domain name that could be applicable to numerous services. *Id.* ¶ 32. Various third-party domain valuation services place the value of the domain at over $1,000,000 USD. *Id.*

Mr. Kaufman died unexpectedly on July 17, 2021. *Id.* ¶ 5. At the time of his passing, Mr. Kaufman was the lawful owner and registrant of AIR.com. *Id.* ¶ 33. Upon his passing, control of Mr. Kaufman's domain accounts and ownership of AIR.com transferred to the Estate. *Id.*

**B.     Unlawful Transfer and Registration of the AIR.com Domain Name**

Mr. Kaufman and, after his passing, the Estate maintained control of the AIR.com domain name within Mr. Kaufman's secure domain account from the date of purchase, up until the occurrences that give rise to this action. *Id.* ¶ 34. The domain was held in a domain name

management account with Network Solutions, LLC, which was maintained on a protected computer and access to the account should be restricted to only those persons that possessed Mr. Kaufman's, and then Plaintiff's, username and password. *Id.* ¶ 38. On January 15, 2022, Plaintiff contacted Network Solutions, LLC, to advise it of Mr. Kaufman's death. *Id.* ¶ 39.

At some point after January 15, 2022, an unknown bad actor, identified in the Complaint as John Doe, obtained unauthorized access to Plaintiff's domain registrar account. *Id.* ¶ 40. Upon gaining access to the account through improper and unauthorized means, John Doe manipulated the computer records to obtain a transfer of the AIR.com domain name. *Id.* Once transferred, the domain name registrant information and technical settings were changed, thereby disabling Plaintiff's ability to control the domain name. *Id.* ¶ 41.

### C.     **The Instant Proceeding**

Plaintiff commenced this action by filing a Verified Complaint against Defendants AIR.com and John Doe on June 20, 2025. Dkt. No. 1. Plaintiff now seeks a judgment for quiet title against the *res* (Defendant AIR.com) and an order directing the transfer of the AIR.com domain name back to the Estate. If this Motion is granted, Plaintiff requests that the Court dismiss the remaining counts of the Complaint without prejudice.

On June 23, 2025, Plaintiff filed a Motion for *In Rem* Service Pursuant to 28 U.S.C. § 1655 and *In Personam* Service By Publication and E-Mail. Dkt. No. 2. The same day, the Court granted Plaintiff's Motion and ordered Plaintiff to publish its order providing notice to the Defendants in *The Washington Post* or *The Washington Times* once per week for six consecutive weeks to be completed no later than August 25, 2025, serve a copy of the Order via email to dataprivacyprotected@ionos.de (the only potential contact information available for the domain registrant), and serve a copy of the Order via email on the registry operator VeriSign, Inc. of the

4

entry of the Order. *See* Dkt. No. 5 ("Order"). The Order required Defendants to respond to the Complaint by August 25, 2025. *Id.*

Plaintiff caused the Order to be published in *The Washington Times* on June 25 and July 2, 9, 16, 23, and 30, 2025. *See* Dkt. No. 8 ¶ 5, Ex. A. Plaintiff also caused the Order to be emailed to the domain registry on June 26, 2025, and to dataprivacyprotected@ionos.de on June 27, 2025. *Id.* ¶¶ 6-7, Exs. B, C. Plaintiff filed a declaration confirming compliance with the Order on August 8, 2025. *Id.*

To date, no party has filed an answer or otherwise responded to the Complaint. On August 26, 2025, Plaintiff requested entry of default against Defendants. Dkt. No. 9. The Clerk entered a default against Defendants on August 28, 2025. Dkt. No. 10.

### III. ARGUMENT

#### A. This Court Has Jurisdiction to Enter Default Judgment Against the AIR.com Domain Name.

The Court has jurisdiction to grant Plaintiff's motion and enter default judgment against the AIR.com domain name because the Court has subject matter jurisdiction over this action as well as *in rem* jurisdiction over the AIR.com domain name.

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), 28 U.S.C. § 1655 (quiet title), and the doctrines of ancillary and pendent jurisdiction. *See* Compl. ¶ 14.

This Court has *in rem* jurisdiction over the AIR.com domain name pursuant to 28 U.S.C. § 1655 because the AIR.com domain name is property situated in this district and Plaintiff is asserting a claim of ownership to the AIR.com domain name and seeking removal of the cloud on the title of the domain name. *Id.* ¶ 15; *see also Lunxi v. Doe*, No. 1:19-cv-1027-AJT-TCB, 2020 WL 1984720, at *1 (E.D. Va. Apr. 27, 2020) (ordering return of stolen domain names).

### B. The Clerk Appropriately Entered Default as to the AIR.com Domain Name.

The Clerk of this Court enters a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk's entry of default against the AIR.com domain name was required here because, as the docket reflects, the time for filing a responsive pleading had passed.

On June 23, 2025, Plaintiff filed a Motion for *In Rem* Service Pursuant to 28 U.S.C. § 1655 and *In Personam* Service By Publication and E-Mail. Dkt. No. 2. The same day, the Court granted Plaintiff's Motion and ordered Plaintiff to publish the Order providing notice to the Defendants in *The Washington Post* or *The Washington Times* once per week for six consecutive weeks to be completed no later than August 25, 2025, serve a copy of the Order via email to dataprivacyprotected@ionos.de, and serve a copy of the Order via email on the registry operator VeriSign, Inc. of the entry of the Order. *See* Dkt. No. 5. Plaintiff complied with the Order, serving the Order via email on VeriSign, Inc. and to dataprivacyprotected@ionos.de on June 26 and 27 (respectively), and causing the Order to be published in the Washington Times on June 25 and July 2, 9, 16, 23, and 30, 2025. *See* Dkt. No. 8 ¶¶ 5-7, Exs. A-C.

Neither AIR.com nor any claimant appearing on its behalf requested, and the Court did not grant, any formal extension of the deadlines prescribed in the Order, and the AIR.com domain name failed to answer or otherwise respond to Plaintiff's Complaint.

These facts, supported by the uncontroverted declarations filed in this action, demonstrate that the AIR.com domain name (and anyone acting on its behalf) had constructive notice (if not actual notice) of this suit yet failed to enter an appearance or otherwise defend this action.

Therefore, the Clerk appropriately entered default as to the AIR.com domain name pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### C.  Plaintiff Is Entitled to a Default Judgment Against Defendant AIR.com.

Plaintiff is the widow of the original and only lawful owner of the AIR.com domain name, David L. Kaufman, and is administrator of his Estate. Compl. ¶ 10. Plaintiff brought this action on the Estate's behalf, as its representative, to recover the AIR.com domain name that had been stolen from Mr. Kaufman's and the Estate's secured domain management account after his death. *See id*. ¶¶ 10, 33, 40-42; *Forbes v. Forbes*, 111 Va. Cir. 58, at *2 (2022) ("In Virginia the proper party to litigate on behalf of a decedent's estate is the personal representative of the estate."); *Ennis v. Poe*, 661 F. Supp. 3d 554, 560 (W.D. Va. 2023) ("The personal representative of an estate includes the executor or administrator of a decedent's estate." (citing Va. Code §§ 64.2-100 and *Bartee v. Vitocruz*, 288 Va. 106 (2014), internal quotations omitted)).

By failing to appear or otherwise defend against the Complaint, Defendant AIR.com is deemed to have admitted every allegation therein, and the Court must only determine whether the Complaint properly states a claim for relief. *See Diginus BV v. 1001.com*, No. 19cv1089-LO-JFA, 2019 WL 6357974, at *2 (E.D. Va. Nov. 8, 2019) (finding that the defaulting defendants in stolen domain name case had admitted the factual allegations in the complaint), *R. & R. adopted*, No. 19-CV-1089-LO-JFA, 2019 WL 6354337 (E.D. Va. Nov. 27, 2019); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Those now-admitted allegations establish Plaintiff's entitlement to transfer of the AIR.com domain name.

### 1.  Plaintiff Has Satisfied the Requirements of Section 1655.

Section 1655 provides for certain procedures in a suit to claim title or remove a cloud upon title. Specifically, Section 1655 provides that:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.
>
> Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

28 U.S.C. § 1655.

The Fourth Circuit has identified three prerequisites to a claim under Section 1655: (1) the suit must be one to enforce a legal or equitable lien upon, or claim to, the title to real or personal property, or to remove some encumbrance, lien or cloud upon the title of such property; (2) the proceeding must be in aid of some pre-existing claim, existing prior to the suit in question, and not a proceeding to create for the first time a claim to the property as the effect of the proceeding itself, and (3) the property in question must have a situs within the district in which suit is brought in a federal district court. *McQuillen v. Nat'l Cash Reg. Co.*, 112 F.2d 877, 880 (4th Cir. 1940) (interpreting the predecessor to Section 1655).

The instant action satisfies each of these prerequisites. *First*, Plaintiff is seeking to assert the Estate's claim to the AIR.com domain name and to remove the cloud of title created by John Doe's theft of the AIR.com domain name. *See* Compl. ¶¶ 40-47. *Second*, Plaintiff's valid legal and equitable title to the AIR.com domain name precedes the filing of the Estate's claim by virtue of the registration and ownership of the domain name since 1994. *See id.* ¶ 21. *Third*, the property in question (the AIR.com domain name) is maintained in this district by Verisign, Inc.,

the registry operator for the .COM top level domain. *See id.* ¶ 17; *cf. Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 224 (4th Cir. 2002) ("[W]e conclude that courts in Virginia, the state where the Domain Names are registered, may constitutionally exercise in rem jurisdiction over them."); *411 Mania.com, LLC v. Doe*, No. 1:17-cv-00469-LMB-IDD, 2017 WL 4052374, at *1 (E.D. Va. Sept. 12, 2017) (finding that venue was proper "because Verisign, Inc., the domain name registry, is located in this district"); *Heathmount A.E. Corp. v. Technodome.com*, 00-cv-0714-JCC, 2000 WL 33666935, at *3 (E.D. Va. Dec. 29, 2000) (finding domain name to be located in Herndon, Virginia and noting that the registry "does maintain a record of the domain names in its database [and] [e]ach domain name is embodied in its database entry").

Furthermore, as noted above, Plaintiff has complied with the specific requirements of Section 1655. Plaintiff sought, and the Court entered, an Order approving service by publication, requiring publication once per week for six consecutive weeks. Dkt. Nos. 2, 5. Plaintiff accomplished such service, causing the Order to be published on June 25 and July 2, 9, 16, 23, and 30, 2025, and also served by email, including upon the entity in possession of the domain name, VeriSign, Inc. *See* Dkt. No. 8 ¶¶ 5-7, Exs. A-C. Despite this service, neither John Doe nor any other claimant has appeared or pled within the time allowed.

        **2.**      **Plaintiff Is Entitled to a Judgment Affirming the Estate's Title Over the AIR.com Domain Name.**

"[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *State of Maine v. Adams*, 672 S.E.2d 862, 866 (Va. 2009) (citing *Neff v. Ryman*, 42 S.E. 314, 315 (Va. 1902); John L. Costello, Virginia Remedies § 20.07 at 20–38, 20–39 (3d ed. 2005)). Under Virginia common law, possession of property constitutes *prima facie* evidence of ownership

9

until a better title is proven. *Id.* at 867 (citing *Smith v. Bailey*, 776, 127 S.E. 89, 95 (Va. 1925)). A party with a claim to title may overcome this presumption, however, by providing evidence of superior title. *Id.*

Here, the undisputed evidence demonstrates Plaintiff's superior title to the AIR.com domain name. In the Complaint, Plaintiff provided the following evidence of the Estate's superior title:

- Verified allegations regarding Mr. Kaufman's and Plaintiff's registration, ownership, maintenance, and use of AIR.com from 1994 until the domain was stolen through unauthorized access to Mr. Kaufman's secure domain management account. Compl. ¶¶ 21-34.

- Receipts from domain registrar Network Solutions showing Mr. Kaufman's ownership of AIR.com. *Id.* Ex. B.

- Receipts from internet service provider Galaxy Internet Services showing Mr. Kaufman's payments for webhosting services at AIR.com. *Id.* Ex. D.

- Screenshots showing Mr. Kaufman's use of AIR.com to host a website that included revenue-generating links. *Id.* Ex. E.

- Business cards used by Mr. Kaufman, identifying him as owner of AIR.com and using AIR.com for his professional email address. *Id.* Ex. F.

- Historical registration records for AIR.com, showing Mr. Kaufman and Allied International Resources listed as registrant for AIR.com. *Id.* Ex. G.

The current, unauthorized domain name registration occurred sometime after January 15, 2022, and the current registration record for AIR.com indicates that the current registrant acquired the

AIR.com domain name on or around April 5, 2025. *See id.* ¶ 40, Ex. A (indicating that the record was last updated on April 5, 2025).

There are no meritorious defenses against Plaintiff's claim for quiet title. The AIR.com domain name was stolen from Plaintiff's domain name management account. *Id.* ¶¶ 37-41. Even if the current unnamed registrant is not the thief and truly did not know the domain name was stolen at the time it acquired the domain name, good title cannot be acquired in stolen property. *See, e.g.*, *SMP GmbH & Co. KG v. ONU.com*, No. 1:16-cv-1333 [Mots. Hr'g Tr.] 7:11-15 (E.D. Va. Dec. 2, 2016) (Brinkema, J.) ("[T]he simple fact is the plaintiff was the first owner of this domain name, and whether your client purchased it in good faith, an innocent purchaser of stolen property does not ever obtain title to that property."); *Toyota Motor Credit Corp. v. C.L. Hyman Auto Wholesale, Inc.*, 506 S.E.2d 14, 16 (Va. 1998) (explaining that "a thief cannot pass title to stolen goods even to an innocent purchaser who pays for the stolen goods"); *CRS Recovery, Inc. v. Laxton*, No. 06-7093-CW, 2008 WL 4427944 (N.D. Cal. Sept. 26, 2008) *aff'd in part, rev'd in part and remanded*, 600 F.3d 1138, 1145 (9th Cir. 2010) (addressing an involuntary domain transfer and stating "[t]he law distinguishes between a purchaser whose vendor obtained title by fraud and a purchaser whose vendor obtained title by theft, because an involuntary transfer results in a void title"); *Express Media Grp., LLC v. Express Corp.,* No. C 06-03504 WHA, 2007 WL 1394163 (N.D. Cal. May 10, 2007) (entering summary judgment in favor of plaintiff domain name owner where defendant purchaser acquired void title to the stolen domain).

Accordingly, Plaintiff is entitled to a judgment that the Estate has superior title to the AIR.com domain name.

    **3.**    **The AIR.com Domain Name Should Be Transferred to Plaintiff.**

The Court should issue a permanent injunction directing the transfer of the AIR.com

domain name back to Plaintiff. To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show:

>   (1) that it has suffered an irreparable injury;
>
>   (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
>   (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
>
>   (4) that the public interest would not be disserved by a permanent injunction.

*Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Plaintiff meets these requirements.

*First*, Plaintiff has demonstrated that the Estate suffered irreparable injury and will continue to suffer irreparable injury absent injunctive relief. *See 411 Mania.com, LLC v. 411Mania.com*, 17-cv-00469-LMB-IDD, Doc. 5 (E.D. Va. April 19, 2017) (finding in the context of a temporary restraining order that plaintiff suffered irreparable harm in part because defendants had control over the stolen domain name); *Flying Nurses Int'l LLC v. Flyingnurse.com*, 17-cv-00168-LMB-MSN, Doc. 6 (E.D. Va. February 13, 2017) (finding irreparable harm when plaintiff's domain name had been disabled after being stolen, it lost control of email, and the defendant may alter the status quo). A domain name is a "unique identifier" that cannot be replicated. *See Booking.com B.V. v. Matal*, 278 F. Supp. 3d 891, 906 (E.D. Va. 2017), *am.,* No. 116CV425LMBIDD, 2017 WL 4853755 (E.D. Va. Oct. 26, 2017), *aff'd sub nom. Booking.com B.V. v. United States Patent & Trademark Office*, 915 F.3d 171 (4th Cir. 2019), *as am.* (Feb. 27, 2019), *aff'd,* 140 S. Ct. 2298, 207 L. Ed. 2d 738 (2020), and *cert. granted, judgment vacated,* No. 18-1309, 2020 WL 3578671 (U.S. July 2, 2020), and *aff'd sub nom. Booking.com B.V. v. United States Patent & Trademark Office*, 915 F.3d 171

(4th Cir. 2019), *as am.* (Feb. 27, 2019), and *aff'd,* 140 S. Ct. 2298, 207 L. Ed. 2d 738 (2020), and *cert. granted, judgment vacated,* No. 18-1309, 2020 WL 3578671 (U.S. July 2, 2020); *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 493 (2d Cir. 2000) (recognizing that "[e]ach domain name is unique"). Because John Doe wrongfully transferred control of the AIR.com domain name by changing the domain name registration records, the Estate has lost unique and irreplaceable property that belongs to it and must be returned.

*Second*, the available remedies at law, such as monetary damages, are inadequate. As an initial matter, Plaintiff has not been able to identify the identity of the domain name thief. Compl. ¶ 12. Because John Doe has concealed his/her identity and has not appeared or responded to the lawsuit, it would be impossible for Plaintiff to recoup the Estate's financial losses. *See, e.g., Almeida v. Tabelafipebrasil.com*, 19-cv-01105-CMH-TCB, Doc. 28 (E.D. Va. Jan. 24, 2020) (finding that plaintiff could not recover compensatory damages because he could not identify the identity of the defendant domain name thief). Moreover, given the unique nature of the AIR.com domain name, injunctive relief is particularly appropriate. *Cf. Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255-56 (3d Cir. 2011), as am. (Mar. 7, 2012) (recognizing propriety of injunctive relief for real property due to its unique nature); *see also Am. Chem. Soc'y v. Sci-Hub*, 17-cv-00726-LMB-JFA, Doc. 22 (E.D. Va. September 28, 2017) (granting a permanent injunction in part because remedies at law are inadequate when there "is a clear likelihood of future infringement.")  Indeed, Section 1655 is designed to provide relief in circumstances such as this, where a defendant is unknown or does not appear, but the disputed property resides in the judicial district. *See* 28 U.S.C. § 1655.

*Third,* the balance of hardships weighs strongly in favor of Plaintiff. The AIR.com domain name does not belong to John Doe, and therefore losing control over the domain name

13

does not present a hardship. *See, e.g., Jewels Connection, Inc. v. OroClub.com,* 20-cv-00364-TSE-MSN, Doc. 13 (E.D. Va. May 12, 2020) (finding the balance of equities in favor of the plaintiff because "there is no apparent harm to [the] John Doe" domain name thief). The Estate, on the other hand, has lost a valuable domain name that rightfully belongs to it.

Finally, the public interest supports granting injunctive relief because it will restore the Estate's rightful ownership of the AIR.com domain name and deter future computer hacking and illegal domain name transfers. *See Traffic Names Ltd. v. Yiming*, 14-cv-1607-LMB-TCB, Doc. 9 (E.D. Va. Dec. 5, 2014) (granting injunction returning stolen domain names to *inter alia* uphold "public interest in protecting property").

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Default Judgment and order that VeriSign, Inc., the operator of the .COM registry, change the registrar of record for the AIR.com domain name to Plaintiff's registrar of choice, GoDaddy.com, LLC, and further order that GoDaddy take the necessary steps to have Plaintiff listed as the registrant for the AIR.com domain name. Plaintiff further requests that if this Motion is granted, the Court dismiss the remaining counts without prejudice.

Dated: August 28, 2025  By:      /s/ Attison L. Barnes, III /s/
                                                    Attison L. Barnes, III (VA Bar No. 30458)
                                                    David E. Weslow (*for pro hac admission*)
                                                    Adrienne J. Kosak (VA Bar No. 78631)
                                                    WILEY REIN LLP
                                                    2050 M St. NW
                                                    Washington, DC 20036
                                                    (202) 719-7000 (phone)
                                                    (202) 719-7049 (fax)
                                                    abarnes@wiley.law
                                                    dweslow@wiley.law
                                                    akosak@wiley.law

                                                    *Counsel for Plaintiff*
                                                    *Patricia Garland, Representative of*
                                                    *the Estate of David L. Kaufman*

## CERTIFICATE OF SERVICE

I, Attison L. Barnes, III, hereby certify that on August 28, 2025, I electronically filed the foregoing by using the CM/ECF system. I also sent a copy to the following email address, purportedly used by the registrant of AIR.com: dataprivacyprotected@ionos.de.

/s/ Attison L. Barnes, III
Attison L. Barnes, III
WILEY REIN LLP
2050 M Street, NW
Washington, DC  20036
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law

*Counsel for Plaintiff*
*Patricia Garland, Representative of*
*the Estate of David L. Kaufman*